# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JOEL BEN ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: CV-25-966 |
| | ) | |
| CSX TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant CSX Transportation, Inc. (improperly designated in the Complaint as "CSX Transportation"), appearing specially through undersigned counsel so as to preserve any and all defenses under Rule 12 of the Federal Rules of Civil Procedure, hereby gives Notice of Removal of Case No. 03-CV-2025-000354 from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama. Pursuant to 28 U.S.C. § 1446, Defendant hereby invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332, and 1441 and states the following grounds for removal:

1. Plaintiff Joseph Ben Israel commenced a civil action against Defendant in the Circuit Court of Montgomery County, Alabama, Case No. 03-CV-2025-000354, on or about August 13, 2025.

1

2.     Defendant was served with the summons and statement of claim/complaint on or about November 10, 2025. In compliance with 28 U.S.C. § 1446(b)(1), Defendant has filed this notice of removal within 30 days of service of Plaintiff's initial pleading.

3.     Defendant has not submitted any responsive pleading or motion to the state court complaint or made any appearance or argument before the Circuit Court of Montgomery County, Alabama, in this matter.

4.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, papers, documents, and orders which have been served upon Defendant are attached hereto as **Exhibit 1**, including the Summons, Cover Sheet, Statement of Claim/Complaint, and Certified Mail Return, and are incorporated herein by reference.

5.     This Court's jurisdiction is proper under 28 U.S.C. § 1331, as this is a civil action arising under the laws of the United States. While Plaintiff's statement of claim does not reference a specific cause of action, Plaintiff asserts that Defendant discriminated against him based on his religious beliefs. Alabama law does not recognize a cause of action for religious discrimination in employment, *see generally Hamil v. Acts Retirement-Life Cmtys., Inc.*, 2023 U.S. Dist. LEXIS 170391, at *44 (S.D. Ala. Aug. 31, 2023), *Randall v. T-Mobile US, Inc.*, No. 3:18-cv-879-ECM-SRW, 2019 U.S. Dist. LEXIS 216312, at *11-*12 (M.D. Ala. Dec.

16, 2019), but Title VII of the Civil Rights Act of 1964 does recognize this claim.

6.    "[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Bd. of Water & Sewer Comm'rs v. Ala. DOT*, 2008 U.S. Dist. LEXIS 91269, at \*6 (S.D. Ala. Nov. 7, 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)).

7.    Because Plaintiff's statement of claim does not state a specific cause of action but alleges religious employment discrimination, and because federal law recognizes such a claim but state law does not, this action is properly removable as presenting a federal question. *See, e.g.*, *Jones v. Hyundai Motor Mfr. Ala.*, No. 2:21-cv-331-MHT-SMD, 2022 U.S. Dist. LEXIS 30746, at \*5-\*6 (M.D. Ala. Feb. 22, 2022) (finding a *pro se* plaintiff's sexual harassment complaint removable under federal question jurisdiction because Title VII recognizes such a claim but Alabama law does not, even though the complaint did not reference Title VII).

8.    This action is also properly removable under 28 U.S.C. § 1332, as diversity of citizenship exists between the parties. Plaintiff alleges that he is a citizen of Alabama (*see* **Ex. 1** at 3), while Defendant is a Virginia corporation with its principal place of business in Jacksonville, Florida. (*See* **Exhibit 2**, Declaration of Matthew Charron, at ¶ 3). The parties are accordingly citizens of different states.

9.    The amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied, as Plaintiff seeks $10.5 million in damages in his statement of claim (*see*

**Ex. 1** at 3), well in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2).

10.    Venue of this removal action is proper pursuant to 28 U.S.C. § 1441, as the United States District Court for the Middle District of Alabama encompasses the Circuit Court of Montgomery County, Alabama, where the original state court action was filed and is pending. *See* 28 U.S.C. § 1446(a).

11.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

12.    Contemporaneously with this filing, Defendant is also filing a Notification of Removal with the Circuit Court of Montgomery County, Alabama, as required by 28 U.S.C. §1446(d). A true and accurate copy of the Notification of Removal is attached hereto as **Exhibit 3**.

13.    Pursuant to 28 U.S.C. § 1446(d), Defendant has served its Notice of Removal on all parties by U.S. Mail.

14.    There are no other defendants in this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court accept the removal of this action and direct that the Circuit Court of Montgomery, County, Alabama, have no further jurisdiction of this matter.

Respectfully submitted this 8th day of December, 2025.

/s/ Lynlee Wells Palmer
Lynlee Wells Palmer (ASB-4367-T82P)
Lynlee.Palmer@jacksonlewis.com
Direct Dial:  205-332-3096
Daniel B. Harris (ASB-4081-G61A)
daniel.harris@jacksonlewis.com
Direct Dial:  205-332-3097
**JACKSON LEWIS P.C.**
Synovus Center
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209

***Attorneys for Defendant CSX Transportation, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I have served a true and correct copy of the foregoing upon the following via U.S. Mail:

Joel Ben Israel, *pro se*
79 Commerce Street, Apt 418
Montgomery, AL 36104

/s/ Lynlee Wells Palmer
Counsel for Defendant

5